IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GANAS, LLC, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-324-JRG-RSP |
| | § | |
| DELL, INC., et al. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant ISC's Motion to Dismiss for Misjoinder or Sever and Transfer Ganas' Claims to the District of Massachusetts (Dkt. No. 132, filed December 14, 2012). ISC argues that the claims should either be dismissed for misjoinder or severed, and also alleges that the District of Massachusetts is a clearly more convenient forum for this case. Plaintiff Ganas opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the claims should be severed, but that ISC has failed to show that the District of Massachusetts is a clearly more convenient forum for this case.

**I.      SEVERANCE**

ISC requests either dismissal for misjoinder or severance, and Ganas does not oppose severance of its' claims against ISC. (*See* Dkt. 158 at 1. F.N. 2). Accordingly, the Court recommends **GRANTING IN PART** the Motion to the extent in requests severance of Ganas' claims against ISC.[1]

**II.     TRANSFER**

### APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] The Court notes that it often consolidates related cases for pretrial purposes, but that it need not order that consolidation in the context of deciding this motion.

where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private

and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

**A.     Proper Venues**

Neither party contends that venue is improper in the Eastern District of Texas or in the District of Massachusetts.

**B.     Private Interest Factors**

    **1.     Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

**Defendant ISC's Witnesses**

ISC maintains its headquarters in Cambridge, Massachusetts. (Grabscheid Decl., Dkt. No. 134.) In support of its motion, ISC relies on a declaration by Paul Grabscheid, Vice President for Strategic Planning. (*Id.*) According to Mr. Grabscheid, "most, if not all" the ISC employees involved in the design, development, operation and maintenance of the accused systems are located in Cambridge, MA and Sydney, Australia. (*Id.*) Mr. Grabscheid does not state how many employees ISC employs at these locations, what other locations may house relevant employees, and does not identify what information or knowledge these employees may possess. (*Id.*) Importantly, Mr. Grabscheid does not show that ISC's relevant witnesses are located in Massachusetts instead of Australia.

**Plaintiff Ganas' Witnesses**

Ganas' President and sole member is Daniel Perez, who is located in Texas. Ganas relies on an affidavit of Mr. Perez, who notes that he was born, raised, educated, and currently resides in Texas. (Perez Decl., Dkt. No. 158-4). ISC alleges that Mr. Perez's presence in Texas is "recent, ephemeral, and an artifact of litigation," an allegation that appears to this Court to be flatly untrue in light of Mr. Perez's sworn statements. (Mot. at 8.) ISC offers no support for its allegation to the contrary.

**Third Party Witnesses**

ISC's arguments with regard to the party witnesses primarily represents an effort to simply substitute ISC's convenience for Ganas'; thus, this Court gives greater weight to the cost of attendance of non-party witnesses. The parties identify three third-party witnesses in this case. ISC points to the inventor/original owner of the patents-in-suit and the prosecuting attorney, who reside in Ottawa, Canada, and Arlington, Virginia, respectively. It is unclear how much material information these parties will possess. The Court notes that although neither of

these witnesses resides in either the Eastern District of Texas or the District of Massachusetts, and either location would represent a substantial burden to the witnesses, that both locations are closer to the District of Massachusetts than the Eastern District of Texas.

Ganas identifies the Texas Department of Information Resources, which is within the subpoena power of this Court. According to Ganas, "[t]his department contracted for the accused Ensemble software product in 2007, a contract that ran at least 3 years" and is material because it "can provide valuable testimony on Ensemble's functioning and pricing, both of which are critically important given that Ensemble is essentially a tool for connecting other software applications." (Resp. at 4.) The Court observes that the Eastern District of Texas would be very convenient for the Texas Department of Information Resources, and that the transfer of the case to the District of Massachusetts would be burdensome.

The Court finds that in light of one non-party witness being squarely within the subpoena power of the Eastern District of Texas, and two non-party witnesses being outside either district but closer to the District of Massachusetts than the Eastern District of Texas, this factor is neutral.

### 2. Relative Ease of Access to Sources of Proof

In some patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). The Court notes that this case is somewhat anomalous in that Ganas has a substantial amount of "documents and source code." (Resp. at 8.) In fact, Ganas notes that in its past patent infringement cases, Ganas' production has been over 10 times the size of even the most substantial document production from any defendant. ISC notes that its documents are located in Sydney, Australia and Cambridge, Massachusetts, but does not state the amount or materiality of those materials. (Grabscheid Decl. at par. 5.)

The Court finds that in light of Ganas' substantial number documents in the Eastern District of Texas and ISC's document split between Australia and the District of Massachusetts, this factor slightly disfavors transfer.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Some, but apparently not all, of ISC's employees are within the subpoena power of the District of Massachusetts. Ganas' sole member is located within the subpoena power of the Eastern District of Texas. As noted above, only one non-party witness, the Texas Department of Information Resources, is within the subpoena power of either court (the Eastern District of Texas). The Court finds that this factor disfavors transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

First, there are a number of copending claims, all in the Eastern District of Texas, and transferring ISC would result in a single disparate case in the District of Massachusetts, leading to a risk of inconsistent rulings and the waste "…of time, energy and money that § 1404(a) was designed to prevent." *In re Volkswagen of Am., Inc*. 566 F.3d 1349, 1351 (Fed. Cir. 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)). Additionally, this Court has extensive experience with the patents-in-suit from *Ganas v. Sabre Holdings Corp*., 2:10-cv-320. These factors strongly disfavor transfer. See, e.g., *In re Vistaprint*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).

## C. Public Interest Factors

### 1. Local Interest in Having Localized Interests Decided at Home

ISC argues that the District of Massachusetts has a substantial local interest in this case because it "has a strong local interest in deciding the outcome of claims against its corporate resident." (Mot. at 14.) The Court notes that the connection alleged by ISC is not a connection

to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*, but rather arises from the fact that some residents of the District of Massachusetts may have an interest, financial and otherwise, in ISC itself – a theory which raises concerning fairness implications. 545 F.3d at 318. The Court finds that this factor is neutral.

> **2. Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that the remaining public interest factors are neutral.

## CONCLUSION

After reviewing the relevant evidence and factors, the Court finds that ISC has failed to meet its burden of showing that the District of Massachusetts is a clearly more convenient forum for this case. Accordingly, the Court recommends that ISC's Motion be **GRANTED IN PART** to the extent ISC requests severance of Ganas' claims against it, and **DENIED** as to the remaining requested relief. Accordingly, the Court recommends that it be **ORDERED** that Ganas' claims against ISC be severed into a new case.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 26th day of August, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE